SAMUEL, Judge.
This is a suit for specific performance of a written agreement to sell and purchase certain immovable property described as Plot 20, Unit 2, Section “A”, Pontchartrain Gardens Subdivision, in the Parish of Jefferson. Plaintiff is the purchaser and the only remaining defendant is the seller in that agreement. The fealty company which handled the transaction, originally also a defendant, was dismissed from the suit on a plaintiff motion. 'William C. Osborne, Jr., who alleges himself to be a purchaser of the same property under -a subsequent agreement to sell and purchase between himself and the plaintiff, intervened and joined plaintiff in its demand' for specific performance. There was judgment in the trial court in favor of defendant, dismissing plaintiff’s suit and dismissing the petition of intervention. Both plaintiff and the inter-' venor have appealed therefrom.
The agreement in suit is dated July 10, 1964. It provides for sale of the property by the defendant to the plaintiff on or prior to September 10, 1964 before the vendor’s notary. It also provides: ■ “In the event the purchaser fails to comply with this agreement within the time specified, the seller shall have the right to declare the deposit plus an equal amount as penalty less the agents commission, forfeited, ipso facto, without formality beyond tender of title to purchaser; or, the seller may demand specific performance. In the -event the seller does not comply with this agreement within the time specified, the purchaser shall have *110 the right to either demand the return of the amount of his deposit from the seller in full plus and equal amount to be paid as penalty by the seller; or, the purchaser may demand specific performance at his option.” At the time the agreement was entered into defendant did not have title to the property but he did hold a contract to purchase it from the owner, Vincent Cap-pola, which contract had been entered into on July 8, 1964 and stipulated the act of sale was to be passed on or before September 10, 1964. The evidence is in conflict as to whether, at the time it entered into the agreement, plaintiff knew the defendant did not own the property, but the agreement makes no reference thereto.
Cappola refused to transfer the property to the defendant and during the month of August, 1964 defendant so informed plaintiff and requested an extension of time so that he might obtain title and place himself in position to sell to plaintiff. Plaintiff refused this request for an extension. On September 8, 1964 plaintiff was informed by letter from defendant’s attorney of efforts he had made to obtain the transfer from Cappola, of Cappola’s final refusal to transfer, and of the fact that he was preparing a suit to.obtain specific performance of the Cappola agreement. The letter further stated it was obvious the matter could not be concluded prior to the expiration date of the plaintiff-defendant agreement, assured the doing of everything possible to acquire title from Cappola, and again requested an extension of time which would “preserve the right” of plaintiff to purchase the property from the defendant when and if defendant acquired title through court action. Plaintiff did not grant the requested extension and by letter dated September 14, 1964 advised defendant the date for passing the act of sale had expired and called upon him to make tender of title before the end of the week.
On November 16, 1964 plaintiff filed the present suit in which it prayed only for double the deposit and damages under the terms of the agreement. Subsequently it amended its petition so as to alternatively pray for specific performance. At a later date it dismissed, without prejudice, its claim for double the deposit and damages. Thus the suit now is only for specific performance.
The defendant was successful in his action for specific performance against Cap-pola, obtaining a judgment in this court (see Weber v. Cappola, La.App., 176 So.2d 154) and, according to a stipulation in the record, acquiring title on July 26, 1965.
The judgment appealed from is based primarily on the trial judge’s conclusion that the agreement between the parties had . expired by its own terms and thereafter plaintiff could not obtain specific performance. Appellants contend that defendant’s inability to transfer title within the time stipulated had the effect of extending the agreement in order to give the defendant a reasonable time to obtain and transfer title, citing Dewenter v. Mott, La.App., 27 So.2d 444.
The cited case is not in point. There the-parties had entered into an agreement to-sell and purchase certain immovable property within 45 days from the date of the contract. Although both were willing' to-close the sale and met at a notary’s office for that purpose, the seller was unable to-transfer merchantable title because, just before that meeting, his wife had entered suit, against him for a separation. Upon receiving information of the separation suit,, the notary advised both parties the act of sale would have to be postponed until merchantable title could be transferred. The-agreement involved provided the purchaser would accept title to the property “If tifié-is good and merchantable or can be made so-within a reasonable time, * * * The-seller acquired such title two years later but refused to comply with the agreement.. Thereafter the purchaser instituted the suit, for specific performance. In affirming a trial court judgment ordering the seller to-comply with the contract, the court held' that the actions of the notary and the parties, together with the above quoted contract provision, had the effect of extending: *111 the agreement, thus giving the seller a reasonable time (and under all of the facts involved the court considered the delay of more than two years was reasonable) within which to acquire merchantable title to the property.
In Dewenter the contract contained the provision granting the seller a reasonable time in which to acquire merchantable title, while in the instant case there is no such stipulation. And, more important, in De-wenter the court found from all of the circumstances, including the actions of the parties, that an extension of time had been effected, while in the instant case on two occasions plaintiff specifically refused the extension of time requested and offered by the defendant.
We conclude that, contrary to appellants’ contention, the law will not do for the plaintiff that which, with full knowledge of all the material facts involved, it has specifically refused to do for itself. We approve of the following portion of the trial court’s reasons for judgment and adopt them as our own:
“Intervenor has argued that, since the delay in passing the act of sale was caused by the defendant’s fault in his inability to deliver title, an automatic extension of time has occurred and plaintiff is now entitled to the specific performance. With this contention, the Court cannot agree. The record shows the defendant desperately tried to obtain an extension of time from the plaintiff before the expiration date for performance of the contract on two separate occasions and the plaintiff flatly refused to grant any extension even though plaintiff knew at this time that defendant did not have title to the property and could not acquire same by the expiration date of their contract. This action, in itself, shows that the plaintiff contemplated and desired that the contract would end on September 10, 1964, the date set for the passage of the act of sale. However, after refusing to grant an extension of time on two oc-. casions, and refusing to keep the contract alive, and actually prohibiting the contract from being kept alive by his own actions, plaintiff now seeks to enforce the same.
What the plaintiff attempted to accomplish by refusing to grant an extension of time was to free itself from any obligation it might have had with the defendant to purchase the property from him and, if this turned out to plaintiff’s advantage, it would consider the contract to be at an end. Having taken this position, plaintiff cannot now, because it appears to be to his advantage, reverse his position and contend that there was an extension of the contract or that the contract is still in force.”
The judgment appealed from is affirmed.
Affirmed.